Taylor Tieman (SBN 305269)
ttieman@consumerlawcenter.com
Krohn & Moss, Ltd.
200 Pier Ave, Suite 126
Hermosa Beach, CA 90254
Tel: (323) 988-2400 x 254
Fax: (866) 861-1390

Attorney for Plaintiff, RICHARD BOTELLO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'19CV1171 DMS MSB

| | |
|---|---|
| RICHARD BOTELLO, | Case No.: ~~5:19-cv-1000~~ |
| Plaintiff, | **COMPLAINT** |
| v. | **(Unlawful Debt Collection Practices)** |
| FIFTH THIRD BANK, | |
| Defendant. | |

RICHARD BOTELLO ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the following against FIFTH THIRD BANK ("Defendant"):

**INTRODUCTION**

1. Count I of the Plaintiff's Complaint is based on Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*

2. Count II of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §1788 *et seq.*

- 1 -

PLAINTIFF'S COMPLAINT

3. Count III of the Plaintiff's Complaint is based on invasion of privacy – intrusion upon seclusion.

## JURISDICTION AND VENUE

4. Jurisdiction of this court over Count I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. and §227.

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained in Count II and Count III.

6. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transact business in this district.

## PARTIES

8. Plaintiff is a natural person residing in San Diego, California.

9. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).

10. Defendant is a business entity with a business office located in Cincinnati, Ohio and conducts business in California.

11. Defendant is a debt collectors as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

12. Defendant each acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant placed calls to telephone number ▇▇▇▇▇▇▇▇▇▇.

14. Telephone number ▮▮▮▮▮▮▮▮ is assigned to Plaintiff's cellular telephone.

15. These telephone calls were not for emergency purposes.

16. These telephone calls were in connection with a balance ("debt") on an account that was alleged to be owed and past due.

17. The alleged debt arises from transactions which were used primarily for personal, family, and/or household purposes.

18. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant called Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.

19. On January 14, 2019 Plaintiff spoke with one of Defendant' employees and asked it to stop calling his cell phone.

20. After this conversation, Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system or an artificial or prerecorded voice to call his cell phone.

21. After this conversation Defendant knew or should have known that its calls were not wanted and that it did not have Plaintiff's express consent to place these calls.

22. After speaking with Plaintiff, Defendant was not authorized to call Plaintiff's cell phone.

23. Defendant called Plaintiff's cell phone after January 14, 2019.

24. Defendant called Plaintiff's cell phone multiple, such as four (4), times in a single day.

25. Between January 16 and May 13, 2019, Defendant placed at least approximately 127 calls to Plaintiff's cell phone.

26. These calls were placed with an automatic telephone dialing system or an artificial or prerecorded voice.

27. Defendant knew that it did not have Plaintiff's express consent to place these calls.

28. Defendant intended to place these calls and did so voluntarily, knowingly, and willfully.

PLAINTIFF'S COMPLAINT

29. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant' unauthorized phone calls.

30. As a result of Defendant' unauthorized phone calls, Plaintiff suffered emotional distress including anxiety, stress, frustration, shame, lack of sleep, lack of concentration, and fear of answering his telephone even for important, legitimate calls from others besides Defendant.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

32. Defendant' actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Defendant' actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

35. Defendant violated the Rosenthal Act based on the following:

    a. Defendant violated the § 1788.11(d) of the Rosenthal by causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called; and

    b. Defendant violated the §1788.17 of the Rosenthal by continuously failing to

comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Sections 1692d.

## COUNT III
## INVASION OF PRIVACY

36. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

37. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns and affairs.

38. Defendant interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's cell phone without authorization after he instructed it to stop.

39. Defendant' conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive or objectionable to a reasonable person in that position.

40. Plaintiff has suffered actual damages as a direct and proximate result of Defendant' intrusion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

41. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

42. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

43. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

44. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection

Practices Act, Cal. Civ Code § 1788.30(c), and

45. Actual and punitive damages, to be determined at trial, for the invasion of privacy;

46. Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

            RESPECTFULLY SUBMITTED,

Dated: June 21, 2019

            KROHN & MOSS, LTD.

        By: /s/ Taylor M. Tieman
            Taylor M. Tieman
            **KROHN & MOSS, LTD.**
            200 Pier Ave, Suite 126
            Hermosa Beach, CA 90254
            Tel: (323) 988-2400 x 254
            Fax: (866) 861-1390
            ttieman@consumerlawcenter.com

            Attorney for Plaintiff
            RICHARD BOTELLO